UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

*****************************************************************************

| | | |
|---|---|---|
| RONALD E. ROUSSEAU, Plaintiff, | * | 3:26-cv-03025-CBK |
| -vs.- | * | |
| KIMBERLY CRAVEN, et al., Defendants. | * | ORDER AND OPINION |

*****************************************************************************

Plaintiff has filed another ream of paperwork. This includes" plaintiff's reply in support of motion for leave to file limited surreply (Doc. 44) and in response to judicial defendants' opposition (Doc. 54)" (Doc. 61), "plaintiff's motion for leave to file limited surreply to Document 52, to submit directly germane exhibits, and for limited judicial notice of public court records" (Doc. 60), and "plaintiff's motion for reconsideration of document 55 and alternative request to exclude newly presented for dismissal" (Doc. 59).

From the very start of this lawsuit, plaintiff has violated more than one Federal Rule of Civil Procedure and continues along that course. For example, Rule 8(a) provides that a pleading that states a claim for relief "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .and (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has thrown together a large number of complaints against a host of people and has filed anything but a "short and plain statement."

In addition to denying these motions on the merits, the Court will deny most motions to reconsider because they are procedurally improper. They border on frivolous. Plaintiff cites no authority which would permit, much less require, any reconsiderations. He obviously is not proceeding under any designated Federal Rule of Civil Procedure. The Federal Rules of Civil Procedure do not allow a "motion to reconsider." *See* Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993), and In re Trout, 984 F.2d 977, 978 (8th Cir. 1993) (warning counsel that the Federal Rules of Civil Procedure do not provide for a motion for reconsideration and directing counsel to properly designate a motion under the rule authorizing the motion). The process of seeking reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*. As Judge Loken observed in his opinion in Wilkins v. Hartford Life and Accident Insur. Co., 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court." *See also* Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (Rule 60(b) motion is not for purpose

of rearguing, somewhat more fully, merits of claim). It is indeed a waste of time in this case. Plaintiff is attempting to work around and evade a previous Order of the Court.

Now, therefore,

IT IS HEREBY ORDERED that the motions of plaintiff (Docs. 59, 60, and 61) are hereby denied.

IT IS FURTHER ORDERED that the plaintiff shall file no further motions of any kind in this court until the case is concluded and he has the right to appeal an adverse ruling, if any.

Dated this 16th day of November, 2026.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge